PRINCE'S METALLIC PAINT CO. v. PRINCE MANUF'G CO. et al.

(Circuit Court, E. D. Pennsylvania. December 23, 1892.)

No. 28.

TRADE-MARKS—INFRINGEMENT—JURISDICTION OF FEDERAL COURTS.

A federal court has no jurisdiction of a suit for the breach of a registered common-law trade-mark wherein plaintiff and the principal defendants are citizens of the same state, and no charge is made of infringement in foreign commerce or commerce with the Indian tribes.

In Equity. Suit by Prince's Metallic Paint Company against the Prince Manufacturing Company and others for the alleged infringement of a common-law trade-mark. Bill dismissed.

Charles Barclay and John G. Johnson, for complainant
Richard C. Dale, for respondents.

BUTLER, District Judge. The cause of action set out is the infringement of a common-law trade-mark, registered in pursuance of the federal statute of 1881. The defense consists in a denial of our jurisdiction, and of the plaintiff's title, an allegation that he is concluded by a decision of the court of appeals of New York (31 N. E. Rep. 990.) and by laches in asserting his alleged rights. The facts involved are so well stated in the opinion of the court of appeals, (which is made a part of the record,) that no more need be said on this subject.

Have we jurisdiction? The plaintiff and the principal defendant are citizens of Pennsylvania. To give us jurisdiction it must therefore appear that a federal cause of action is set out. The breach of a common-law trade-mark is not such a cause. While registration is averred there is no charge of infringing the plaintiff's rights under it. Such registration protects the use of the mark in foreign commerce and with Indian tribes; nothing more. It would seem therefore to follow very plainly that the facts necessary to confer jurisdiction are not averred. The bill is drawn precisely as if for trial in the state courts; and presents a proper cause of action for these tribunals. It seems to have been supposed that we can redress injuries resulting from trespass on the plaintiff's common-law rights. That we cannot is clear, we think, on principle, and has been so decided. Schumacher v. Schwencke, 26 Fed. Rep. 818. Indeed the facts seem to be admitted in the plaintiff's brief at page 4.

After the defendants' evidence was in, the plaintiff supplemented their proof with a view to showing infringement in foreign commerce. This evidence called for no answer under the pleadings, and is therefore deemed irrelevant. But the infringement shown is, at best, so slight that even if the necessary averments were made we think the bill should not be entertained. It is virtually immaterial. The real controversy is about the common-law trade-mark, and its use by the defendants in domestic commerce. This fact is very clear. In the New York suit the plaintiff's answer asserts that the principal market for the paint is in New York; and the sales of both parties are almost exclusively in the United States; the foreign trade is inconsiderable. Inasmuch therefore as the controversy is one for the state courts, and they alone can redress the substantial grievance stated, why should we retain the bill even if it contained the necessary jurisdictional averments, and thus forestall the judgment of the state courts, by passing on the common-law rights asserted, without being able to accomplish any other substantial result? We think we should not.

There is probably another reason why we should not. As before stated, the controversy has been before the courts of New York. There the Prince Manufacturing Company, claiming ownership of the trade-mark, sued the present plaintiff for infringement, and the court of appeals held the mark to be of such limited application as to exclude the claim which the plaintiff now sets up, and consequently turned the defendants here out because they had not confined it to such application. This is entirely clear. The court put its decision on the ground that the mark was applicable only to paint manufactured from ore procured at a certain opening on the old Prince lands, known as the "Prince Mine;" and the plaintiff admits that his paint is not manufactured from such ore. The assertion that this question was not in the case is not, we think, well founded. A careful examination of the pleadings has satisfied us it was. At least the court, whose duty it was to judge, so construed the pleadings. But even if it was not, the plaintiff after accepting and enjoying the fruits of a decision based upon a contrary conclusion should probably be estopped denying the fact. The application now made to the federal courts looks like an effort to experiment with another jurisdiction, which, as before suggested, would afford an additional reason for declining to retain the bill, even if the necessary jurisdictional averments were found in it. The bill must therefore be dismissed with costs.