C. L. KING & CO. v. INLANDER.

(Circuit Court, N. D. Illinois. January 11, 1902.)

No. 25,997.

1. EQUITY PLEADING—MULTIFARIOUSNESS—MISJOINDER OF CAUSES OF ACTION.
    A complainant in a federal court cannot join with a cause of action for infringement of a patent one for unfair competition in trade, although both relate to the same subject-matter, where there is no allegation of diverse citizenship to give the court jurisdiction of the second cause.

In Equity. On motion for preliminary injunction and demurrer to bill.

Geo. E. Waldo, for complainant.
G. S. Noble, for respondent.

KOHLSAAT, District Judge. The bill herein asks relief against defendant (1) for infringement of complainant's patent, and (2) for unfair competition in trade in the use by defendant of the article alleged to be protected by said patent. No diverse citizenship is shown. The bill sets up two distinct causes of action, though relating to the same subject-matter. The ground of federal jurisdiction is distinct as to each cause of action. While it might be that a federal court could properly, in its discretion, permit the joinder of said causes of action, had it jurisdiction of each, yet it could not obtain jursdiction of a distinct cause of action by this method. Complainant's citations touching ancillary jurisdiction are not applicable.

The demurrer to the bill is sustained on the ground of multifariousness, and, as the motion for a preliminary injunction is based solely upon the unfair competition phase of the bill, said motion is denied.