### HUTCHINSON, PIERCE & CO. v. LOEWY.

(Circuit Court of Appeals, Second Circuit. May 5, 1908.)

No. 237.

1. TRADE-MARKS AND TRADE-NAMES—INFRINGEMENT—INJUNCTION.

The owner of a technical trade-mark is entitled to an injunction to restrain its infringement, regardless of the intention of the infringer or the consequences of the infringement.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, §§ 63, 110.]

2. SAME.

A case of technical infringement of a registered trade-mark *held* not made out where the trade-mark of defendant was not identical with complainant's nor so like it as to be readily taken for it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, §§ 64, 66, 67.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Archibald Cox and Phelps, Evins & East, for appellants.

Ira Jay Dutton (E. T. Fenwick and L. L. Morrill, of counsel), for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. This is an action in equity for an injunction, an accounting of profits and damages; the complainant alleging that the defendant has infringed its technical trade-mark applied to shirts and has also been guilty of unfair competition. As the complainant is a corporation of the state of New York, and the defendant is a citizen of the same state, the court's jurisdiction extends only to the use of the registered trade-mark in commerce between the states, with foreign nations and the Indian tribes.

There is no testimony showing that the defendant has passed off or intended to pass off his goods for the complainant's, or that the defendant has made profits or the complainant sustained damage. Such an intention and such consequences are quite immaterial inasmuch as the cause proceeds solely upon the complainant's ownership of its technical trade-mark. If the defendant infringes it, the injunction should issue regardless of his intention or of the consequence. Lawrence Manufacturing Co. v. Tennessee Manufacturing Co., 138 U. S. 537, 11 Sup. Ct. 396, 34 L. Ed. 997; Gannert v. Rupert, 127 Fed. 962, 62 C. C. A. 594.

The complainant has registered in the United States Patent Office as its trade-mark used for more than 10 years theretofore in commerce

among the several states the word "Star" and the outline of a six-pointed star either singly or together, as follows:

The defendant uses as its trade-marks on its shirts, a comet consisting of a five-pointed solid star with a nebulous tail, together with the words "The Comet" as follows:

These two trade-marks are obviously not identical, and the defendant cannot be said to have literally appropriated the complainant's property. And not using the identical mark, he cannot be said to have appropriated the complainant's property, unless he uses something so like it as to be readily taken for it. But the complainant claims that it is entitled to an exclusive property in the word and symbol "Star" as applied to shirts, whether they are used alone or in combination with other words and symbols.

A comet is defined in the Standard Dictionary as:

"A heavenly body consisting of a coma surrounding a bright star-like nucleus with a nebulous tail or train, often of great length."

The head of the comet in the defendant's trade-mark is a solid five-pointed star, but we do not think his trade-mark sufficiently resembles the complainant's to be mistaken for it or to cause confusion or to deceive purchasers, which is the test prescribed as to registration in section 5 of the Trade-Mark Act of February 20, 1905 (33 Stat. 724, c. 592, amended by Act May 4, 1906, c. 2081, 34 Stat. 168 [U. S. Comp. St. Supp. 1907, p. 1008]).

The complainant relies upon the case of Hutchinson v. Blumberg (C. C.) 51 Fed. 829, as showing that a star cannot be applied as a trade-mark to shirts even in combination with other symbols, as, for example, a crescent; but this was a case of unfair competition, and the court found that the defendant gave such prominence both to the word and symbol "Star" as to deceive purchasers and cause them to think they were buying complainant's "Star" shirts. Judge Blodgett

said nothing to indicate that an injunction should issue as against a trade-mark so little like complainant's as is the defendant's in this case, where complainant relies solely upon the property right in the trade-mark.

The decree is affirmed, with costs.

NOTE.—The following is the opinion of Hazel, District Judge, in the court below:

HAZEL, District Judge. The bill charges the infringement of the complainant's trade-mark, which originated in its business of manufacturing shirts, waists, and blouses in the year 1840. The trade-mark was registered under the act of Congress of 1905 on April 3, 1906, and consists "of the word 'star' and the representation of a star, used singly or together." Its distinctive characteristic is the outline of a small star to represent that word, signifying to the trade the high class of manufacture of complainant's articles, which have become widely and favorably known as the "Star Shirt," "Star Waist," etc. The asserted infringement by the defendant consists in the use of a solid star in combination with a curved tail in resemblance of a comet. The nucleus of the comet has a five-pointed star, with a tail following it, and the words "The Comet" are printed in black or red type over or underneath such symbol. I am of the opinion that the defendant's trade-mark or brand is clearly distinguishable from that of complainant. There is no reasonable probability of the ordinary purchaser being deceived into buying the defendant's manufacture as that of complainant. The rule is well established that a trademark, word, or symbol has the elements of a property right, and may not be unlawfully used by a rival in business, either alone or as an accessory to such prior appropriation, and in such cases a right to injunctive relief follows, without proof of confusion of proprietorship, or that buyers have been actually misled by such use. But if a defendant's design or symbol is essentially different and distinguishable in appearance, so that by no possibility can his article be taken for complainant's genuine production, a cause of unlawful appropriation is not maintainable. McLean v. Fleming, 96 U. S. 245, 24 L. Ed. 828; Liggett & Myers Tobacco Co. v. Finzer, 128 U. S. 182, 9 Sup. Ct. 60, 32 L. Ed. 395.

The complainant's star in outline, as shown by the drawing, has six points and is one inch in diameter, while the defendant's star is a solid body, seven-sixteenths of an inch in diameter, and the tail, colored red or black, is one inch long. The word "star" is not used by the defendant in combination with the symbol; but, as already mentioned, the words "The Comet" prominently appear in connection therewith. It must be conceded that a comet ordinarily has not the visible outline of a star. Its point is a formation of nebulous matter, and is preceded or followed by a luminous curved train; but, notwithstanding defendant's exaggerated point, neither upon the clothing of defendant's manufacture nor on its box label is the emblem as a whole of such similarity to complainant's mark as in my judgment would warrant restraining its use, in the absence of proof that confusion of goods existed or that intending purchasers had been deceived in buying defendant's article for that of complainant. The ordinary purchaser, buying with reasonable caution, would not, on account of the brand or mark, mistake the goods of the defendant for those of the complainant, and the visual impression received by a comparison of the two marks negatives the presumption of fraud, or that deception is apt to occur from such use. Moreover, it is proven that the goods of the defendant have been known to the public by and under the designation of "The Comet" since 1867, while the complainant and its predecessors have sold its goods by the designation of "Star" since 1840.

Attention is directed to the cases of Hutchinson v. Blumberg (C. C.) 51 Fed. 829, and Same v. Covert, (C. C.) 51 Fed. 832. In the first-mentioned case the defendant's device or symbol consisted of a star and crescent in combination with the word "Star." In the opinion of the court the star was the prominent feature in the appropriated trade-mark, and because of such prominence, in connection with the word "star," the defendant's goods, it was decided, were

apt to become known as "Star Goods," and hence the public, intending to buy complainant's manufacture, would be misled into buying that of the defendant. The court held that the crescent was merely incidental to the representation of the star. In the Covert Case, which is also clearly distinguishable, the outline of a star was used with the words "Lone Star" on shirts and clothing. It is not difficult to suppose that such representations are calculated to deceive the public, so that they would purchase defendant's goods under the mistaken belief that they were those of complainant. It is thought that there is nothing in the case of Gannert v. Rupert, 127 Fed. 962, 62 C. C. A. 594, cited by complainant, to conflict with these views. In that case the court held that, as the publication "Home Comfort" was circulated in the same territory of complainant's paper, "Comfort," which also had the words "The key to a million homes" printed on the title page, the infringement was clearly established, without proof of confusion.

Of course, every case must be decided upon its own facts, and though the owner of a valid trade-mark has the unquestionable right to its exclusive use, and colorable imitations thereof which tend to mislead are forbidden, yet the resemblance to the original must impart to an ordinary purchaser exercising reasonable care a misleading or false impression as to the origin of the goods he is buying. In this case the words "The Comet," used to advertise defendant's goods, and which are prominently printed in connection with the symbol, materially differentiate the star trade-mark in suit, and I think negative the inference of colorable imitation which otherwise might be considered clearly established. In support of the views herein expressed reference is made to the following adjudications: McLean v. Fleming, supra; Liggett & Myers Tobacco Co. v. Finzer, supra; Kann v. Diamond Steel Co., 89 Fed. 706, 32 C. C. A. 324.

The bill is dismissed, with costs.