CUSHMAN v. ATLANTIS FOUNTAIN PEN CO. et al.

(Circuit Court, D. Massachusetts. July 23, 1908.)

No. 406.

COURTS—EQUITY JURISDICTION OF FEDERAL COURTS—JURISDICTION OF ENTIRE CONTROVERSY.

A bill to restrain the infringement of a patent, which thus presents a federal question, does not draw within the jurisdiction of the Circuit Court a further issue as to unfair competition in trade, although it grows out of the same acts of defendant; the two causes of action being independent of each other.

In Equity. On motion for preliminary injunction.

William Quinby, for complainant.
Ellis Spear, Jr., for defendants.

LOWELL, Circuit Judge. This is a bill in equity, which sets out the infringement of a patent for pens and an alleged unfair use of the complainant's trade-name for the same purpose. The complainant asks a preliminary injunction, which has been issued, to restrain the infringement of the patent. Has the court jurisdiction to deal with the alleged unfair competition?

That the Circuit Court is without jurisdiction of a bill brought solely to restrain unfair competition is settled by Elgin National Watch Co. v. Illinois Watch Case Co., 179 U. S. 665, 21 Sup. Ct. 270, 45 L. Ed. 365, and Leschen Co. v. Broderick Co., 134 Fed. 571, 67 C. C. A. 418, the latter case decided by the Circuit Court of Appeals for the Eighth Circuit. The complainant contends, however, that a bill to restrain the infringement of a patent, which thus pre-

sents a federal question, draws within the jurisdiction of the Circuit Court the proceeding to restrain unfair competition, with which the patent in suit is connected, and of which it may be deemed a part.

That a suit properly brought in the Circuit Court sometimes brings within the jurisdiction of that court matters which would be without that jurisdiction in the absence of the original proceedings, is well established. White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018, 40 L. Ed. 67; Hobbs v. Gooding, 164 Fed. 91. The federal jurisdiction sometimes remains after the principal controversy has been disposed of; but the scope of the rule is limited, and the case at bar is outside it. The defendant's acts complained of in the patent suit and in the suit to restrain unfair competition are doubtless the same; but their legal aspect is different from the two points of view, and the two causes of action are independent. This is the conclusion reached in King v. Inlander (C. C.) 133 Fed. 416.

Motion to enjoin alleged unfair competition denied for want of jurisdiction.