MECKY v. GRABOWSKI et al.

(Circuit Court, E. D. Pennsylvania. March 3, 1910.)

No. 331.

COURTS (§§ 290, 292*)—JURISDICTION OF FEDERAL COURTS—UNFAIR COMPETITION—PATENT RIGHTS.

Unfair competition in trade is not a federal question, and a suit therefor is not within the jurisdiction of a federal court, where the parties are citizens of the same state; nor is that issue drawn within such jurisdiction because the bill also alleges infringement of a patent growing out of the same acts of defendant.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 832, 834; Dec. Dig. §§ 290, 292.*

Jurisdiction of cases involving federal questions, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore-Purchasing Co. v. Boston & M. Consol. Copper & Silver Mining Co., 35 C. C. A. 7.]

In Equity. Suit by Johanna Mecky, administratrix of the estate of August Mecky, against Frank J. Grabowski and Charles F. Atwater, trading as the Eagle Wheel Manufacturing Company. On demurrer to bill. Sustained in part.

Robert M. Barr, for complainant.
Howson & Howson, for defendants.

HOLLAND, District Judge. In this case the bill charges patent infringement and unfair competition in trade. Both the complainant and defendant are residents of this state. Defendant demurs to the whole bill on the ground (1) of multifariousness, and (2) of failure of the bill of complaint to aver title to the patent in suit, and further demurs to the jurisdiction of the court so far as concerns that part of the bill which relates to the charge of unfair competition.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

As to the question of complainant's failure to aver title to the patent in suit, this may be disposed of by allowing the complainant to amend in that particular; and it is so ordered.

The defendant is not only charged with infringing the patent of this seat for a velocipede, but it is also averred that he makes a machine which is an exact copy of the complainant's, for the purpose of deceiving the trade in the sale of the same; in other words, there is an allegation of unfair competition in connection with the averment of infringement of the patented article.

The alleged infringement of the patent is a federal question, and can be maintained in the United States courts, even if both parties to the suit be citizens of the same state. The question, however, of unfair competition, is not a federal question, and cannot be maintained in the United States courts, where the parties to the suit are both residents of the same state. Elgin National Watch Co. v. Illinois Watch Case Co., 179 U. S. 665, 21 Sup. Ct. 270, 45 L. Ed. 365; Leschen & Sons Rope Co. v. Broderick & Bascom Rope Co., 134 Fed. 571, 67 C. C. A. 418. In the latter case, however, it does not appear from the record that unfair competition was charged in the bill; but it was urged in the brief of complainant. In the former, a charge of unfair competition, in connection with a charge of infringement of a trademark, is alleged, and the court held that, as the averment in the bill to the effect that the trade-mark had been infringed could not be sustained, the question of unfair competition, not being a federal one, could not be maintained, and the Court of Appeals, directing the bill be dismissed, was affirmed.

It would appear that the question of unfair competition, not being a federal one, cannot be maintained in a federal court where there is no diversity of citizenship, as in this case. The question then arises whether or not the fact that it is connected with a federal question in the same bill and arises out of that same question, to wit, the infringement of a patent, will draw the question of unfair competition within the right of the court to take cognizance of the same. In Woods Sons Co. v. Valley Iron Works (C. C.) 166 Fed. 770, under the peculiar circumstances of that case, it was held:

"That under the established rule in equity that, having taken cognizance of a case upon any ground on which jurisdiction is given, the court will proceed to dispose of the whole controversy between the parties, even though there may be certain phases of it as to which, by themselves, it would not."

This principle, however, that a court of equity, having taken cognizance of a case, will dispose of the whole controversy, even though there may be phases of it as to which, by themselves, it would not have jurisdiction, has application, not to the jurisdiction of the court under the Constitution and statutes, but to its jurisdiction as a court of equity, and relates principally to the application of legal as well as equitable remedies, where there is one ground of proper equity jurisdiction.

The contention of the defendant as to the unfair competition is sustained in the case of Cushman v. Atlantis Fountain Pen Co. et al., 164

Fed. 94, in which it was held by Judge Lowell, of the Circuit Court, that a bill to restrain the infringement of a patent, which presents a federal question, does not draw within the jurisdiction of the Circuit Court a further issue as to unfair competition in trade, although it grows out of the same acts of defendant. In the case at bar, the question of unfair competition can be fully and properly determined by the proper tribunal, entirely independent of a question of patent infringement, and the complainant has full recourse to the state courts for that purpose.

As to the averments in the bill, therefore, of an unfair competition, the demurrer is sustained.