### BERNSTEIN v. DANWITZ.

(Circuit Court, S. D. New York. October 4, 1911.)

1. COURTS (§ 292*)—FEDERAL COURTS—JURISDICTION—TRADE-MARKS—UNLAWFUL COMPETITION.

Where both parties to a suit for infringement of a registered trademark and for unfair competition were citizens of the same state, federal jurisdiction would not obtain, in the absence of provisions in the bill or decree confining the relief prayed for or granted to commerce with foreign nations, among the several states, or with the Indian tribes.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 834; Dec. Dig. § 292.*]

2. COURTS (§ 292*)—FEDERAL COURTS—JURISDICTION—TRADE-MARKS—UNLAWFUL COMPETITION.

Where a trade-mark is invalid or not infringed, and the parties are citizens of the same state, the federal court has no jurisdiction of a suit to prevent unlawful competition.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 834; Dec. Dig. § 292.*

Unfair competition in use of trade-mark or trade-name, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

In Equity. Suit by Samuel Bernstein against August Danwitz. On motion to punish defendant for contempt. Denied.

Wise & Lichtenstein, for complainant.
Samuel Bitterman, for defendant.

WARD, Circuit Judge. A motion was made in this cause some time since for a preliminary injunction. When it was reached on the calendar the defendant's counsel arose and presented the court the packages of both parties and said he would submit to any decree which the court recommended. The defendant's package was an obvious imitation of the complainant's, and I then required certain changes to be made, which the defendant has carried out in his present package. The parties agreed upon a form of decree, which the complainant says is violated by the defendant's present package. This may perhaps be so in respect of features of imitation other than the registered trade-mark.

[1] Upon reading the bill I find that the complainant relies both upon his registered trade-mark and upon unfair competition; that

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the parties are both citizens of this state; and that there is nothing either in the bill or in the decree confining the relief prayed for or granted to commerce carried on with foreign nations or among the several states or with the Indian tribes. In the absence of proof of this the court would be without jurisdiction. Warner v. Searle & Hereth Co., 101 U. S. 195, 24 Sup. Ct. 79, 48 L. Ed. 145. But, assuming that there was such evidence, the defendant's package does not, in my opinion, imitate the complainant's registered trade-mark at all.

The complainant's registered trade-mark is a rectangle with a heavy black band at the top and the picture of an old woman wearing spectacles and with a sadiron in her hand, accompanied by a broad red band; the respective positions not being defined.

The defendant, on the other hand, has a rectangle representing an Indian drawing a bow inserted in a yellow arrow on the face of the package. The question, therefore, is, assuming the complainant's registered trade-mark to be valid and not infringed, has this court jurisdiction to pass upon the general question of unfair competition?

[2] The Supreme Court has held that where a trade-mark is invalid, and the parties are citizens of the same state, the Circuit Court cannot consider the question of unfair competition. Elgin Watch Co. v. Illinois Watch Co., 179 U. S. 665, 21 Sup. Ct. 270, 45 L. Ed. 365; Leschen Rope Co. v. Broderick, 201 U. S. 166, 26 Sup. Ct. 425, 50 L. Ed. 710.

Where the trade-mark has been found valid but not infringed, the Circuit Court of Appeals of this circuit has held that the Circuit Court has no jurisdiction of the question of unfair competition. Burt v. Smith, 71 Fed. 161, 17 C. C. A. 573; Hutchinson v. Loewy, 163 Fed. 42, 90 C. C. A. 1.

In the remaining category—that is where the trade-mark is found valid and infringed—there is a difference of opinion among the courts whether the Circuit Court has also jurisdiction of the other claim of unfair competition. Such jurisdiction was denied in patent suits in King v. Inlander (C. C.) 133 Fed. 416, and Cushman v. Fountain Pen Co. (C. C.) 164 Fed. 94. Judge Archbald in the Third circuit with some hesitation held to the contrary in T. B. Woods Sons Co. v. Valley Iron Works (C. C.) 166 Fed. 770, but he was not followed in the same circuit by Judge Holland in the subsequent trade-mark case of Mecky v. Grabowski (C. C.) 177 Fed. 591.

The case under consideration falling within the second of the above categories, the motion is denied.