### WOERHEIDE v. H. W. JOHNS-MANVILLE CO.

(District Court, E. D. Pennsylvania. September 20, 1912.)

No. 875, June Sess. 1912.

COURTS (§ 264*)—JURISDICTION OF FEDERAL COURTS—INFRINGEMENT SUITS—JOINDER OF SEPARATE CAUSES OF ACTION.

> The fact that a federal court, under Judiciary Act March 3, 1911, c. 231, § 48, 36 Stat. 1100 (U. S. Comp. St. Supp. 1911, p. 149) has jurisdiction of a suit between citizens of different states for infringement of a patent, because charged to have been committed within the district, where defendant has a regular and established place of business, although neither party is a citizen or resident of the district, does not give it incidental or ancillary jurisdiction of a separable cause of action for unfair competition, not growing out of the same acts, as to which, under section 51, defendant could not be separately sued, except in the district of the residence of either the plaintiff or the defendant.

> [Ed. Note.—For other cases, see Courts, Cent. Dig. § 801; Dec. Dig. § 264.*]

In Equity. Suit by William H. Woerheide against the H. W. Johns-Manville Company. On demurrer to bill. Sustained.

Fraley & Paul, of Philadelphia, Pa., for complainant.

A. Parker Smith, of New York City, for respondent.

THOMPSON, District Judge. The plaintiff is a citizen of the state of Missouri, and the defendant corporation is a citizen and inhabitant of the state of New York, having a place of business in the city of Philadelphia, in the state of Pennsylvania. The bill complains of the infringement by the defendant at Philadelphia of the plaintiff's patent for an improvement in cleats for securing prepared roofing, and further claims that the plaintiff is selling his patented cleats under the name of "Kant-Leak-Kleets," and charges the defendant with unfair competition in trade in selling its infringing cleats under the name of "Never-Leak-Kleets," with direction sheets printed upon the same color of paper and containing the same pictures and the same printed matter as had been used by the plaintiff for its patented cleats.

The defendant demurs upon two grounds: First, that this court has no jurisdiction to hear and determine the controversy in relation to unfair competition, because that is not a federal question, and, while the plaintiff and defendant are citizens of different states, neither party is a resident of the Eastern district of Pennsylvania; and, second, that the bill is multifarious, because joining two distinct causes of action. The defendant appears especially for the purpose of demurrer, and without waiving its privilege of being sued for unfair competition in trade only in the district of the residence of the plaintiff or the defendant.

It is well settled that, even if a corporation has a usual place of business in one state, it is a citizen and inhabitant of the state in which it has been incorporated. Ex parte Shaw, 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768; Macon Grocery Co. v. Atlantic Coast Line, 215 U. S. 508, 30 Sup. Ct. 184, 54 L. Ed. 300. It has been decided by Judge Holland, in this district, in the case of Mecky v. Grabowski (C. C.) 177 Fed. 591, where the plaintiff and defendant were citizens and inhabitants of the same state, that the jurisdiction of the court over a cause of action for infringement of a patent did not give the court ancillary jurisdiction of unfair competition in trade. In his opinion Judge Holland says:

"This principle, however, that a court of equity, having taken cognizance of a case, will dispose of the whole controversy, even though there may be phases of it as to which, by themselves, it would not have jurisdiction, has application, not to the jurisdiction of the court under the Constitution and statutes, but to its jurisdiction as a court of equity, and relates principally to the application of legal as well as equitable remedies, where there is one ground of proper equity jurisdiction. The contention of the defendant as to the unfair competition is sustained in the case of Cushman v. Atlantis Fountain Pen Co. et al., 164 Fed. 94, in which it was held by Judge Lowell, of the Circuit Court, that a bill to restrain the infringement of a patent, which presents a federal question, does not draw within the jurisdiction of the Circuit Court a further issue as to unfair competition in trade, although it grows out of the same acts of defendant. In the case at bar, the question of unfair competition can be fully and properly determined by the proper tribunal, entirely independent of a question of patent infringement, and the complainant has full recourse to the state courts for that purpose."

It remains to be determined whether the diversity of citizenship of the parties will give this court jurisdiction over a cause of ac-

tion for unfair competition in trade, because this court has jurisdiction of the patent controversy, although the defendant, for the unfair competition alone, could not without its consent be sued in this district.

Judiciary Act March 3, 1911, c. 231, § 24, 36 Stat. 1091 (U. S. Comp. St. Supp. 1911, p. 135), provides that the District Courts shall have original jurisdiction where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000 and is between citizens of different states. Section 51 of the act provides as to civil suits that, where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant. Under section 48, in suits brought for the infringement of letters patent, the District Courts have jurisdiction in the district of which the defendant is an inhabitant, or in any district in which the defendant shall have committed acts of infringement and have a regular and established place of business.

While, therefore, this court has full jurisdiction in the patent controversy, and the federal courts have original jurisdiction over controversies within the limitations of section 24, in case of diversity of citizenship, the defendant's right under section 51 is to be sued only in the district of the residence of the plaintiff or the defendant. This court is therefore without power to compel him to answer here a cause of action based only upon diversity of citizenship, unless such cause of action is such an allied and cognate part of the claim of infringement of patent as to render it fairly maintainable as a part of that cause of action. Slater Trust Co. v. Randolph-Macon Coal Co. (C. C.) 166 Fed. 170; Whittaker v. Illinois Cent. R. Co. (C. C.) 176 Fed. 130.

It is apparent that the plaintiff's bill sets out two separable causes of action. The use by the defendant of the words "Never-Leak-Kleets" in connection with its sale of the alleged infringing cleats is a distinct and separable matter from the infringement of the patented article, and is not based upon the same acts of the defendant as those constituting infringement of the patent. The bill prays that the defendant may be enjoined, not only from making and selling cleats made in accordance with or containing or embodying the patented invention, but also that it may be enjoined from selling cleats in connection with the trade-name "Never-Leak-Kleets." In the case of Globe-Wernicke Co. v. Fred Macey Co., 119 Fed. 696, 56 C. C. A. 304, decided by the Circuit Court of Appeals for the Sixth Circuit, the court said:

"The bill of complaint was not founded upon two separate matters or transactions. The conduct of the appellee complained of consisted of the same acts. The legal qualities of those acts were in some respects different, and the result was that the facts presented a double aspect. It is upon this consideration that such a bill can be sustained against an objection that it is multifarious. Upon such a bill as this, successive final decrees are not pronounced."

Although there are some cases holding that, where the court has jurisdiction of a patent controversy, it may determine under the same bill a cause of action for unfair competition arising out of the same acts, the weight of the authorities is in support of Judge Holland's decision in Mecky v. Grabowski, supra. While cases might arise in which the acts constituting the unfair competition were so closely allied to the patent controversy as to justify the court in disposing of the whole controversy in the one suit, the case at bar does not, in my opinion, come within that class of cases. I do not think that the alleged unfair competition in trade is so allied to the patent controversy as to draw to the jurisdiction of this court under the patent cause jurisdiction of that part of the controversy involving unfair competition.

The demurrer is therefore sustained.