LOUIS BERGDOLL BREWING CO. v. BERGDOLL BREWING CO. et al.

(District Court, E. D. Pennsylvania. November 30, 1914.)

No. 1291.

1. TRADE-MARKS AND TRADE-NAMES (§ 41*)—PROPERTY—RIGHTS—REGULATION.

Property in trade-marks is recognized at common law, and may be made the subject of legislation by the states; the power of Congress to regulate such subject being derived from the interstate commerce clause of the federal Constitution (Const. art. 1, § 8, cl. 3).

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 46; Dec. Dig. § 41.*]

2. TRADE-MARKS AND TRADE-NAMES (§ 41*)—REGULATION—POWER OF CONGRESS.

Jurisdiction of Congress over trade-marks is limited to interstate commerce transactions.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 46; Dec. Dig. § 41.*]

3. COURTS (§ 299*)—REGISTRATION OF TRADE-MARK—JURISDICTION—ALLEGATIONS IN PLEADINGS.

Registration of trade-marks protects the use thereof only in interstate commerce transactions, so that when a controversy involving the infringement of a trade-mark is between citizens of the same state, and the jurisdiction of the federal court in which the suit is brought depends on the averment that the case arises under the laws of the United States, the cause of action must be an infringement of the proprietary right which arises out of the registration, and facts necessary to confer jurisdiction must be averred.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 841; Dec. Dig. § 299.*]

4. COURTS (§ 299*)—FEDERAL COURTS—JURISDICTION—LAWS OF UNITED STATES—TRADE-MARK INFRINGEMENT.

Where, in a suit for infringement of a trade-mark, federal jurisdiction depended on an allegation that the case arose under the laws of the United States, but the only averment that the trade-mark was used in interstate commerce was that the mark was registered under an act of Congress, and that under such trade-mark complainant's product had been known throughout the country, and that defendant's violation thereof had caused within the district and elsewhere through the United States great and irreparable injury to complainant, it did not sufficiently aver interstate use, so as to confer jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 841; Dec. Dig. § 299.*]

In Equity.   Suit by the Louis Bergdoll Brewing Company against the Bergdoll Brewing Company and others.   On motion to dismiss the bill. Motion granted, with leave to amend.

E. Hayward Fairbanks and J. Bonsall Taylor, both of Philadelphia, Pa., for plaintiff.

R. Stuart Smith and Percy C. Madeira, Jr., both of Philadelphia, Pa., for defendants.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DICKINSON, District Judge. The question raised here is one of pleading. The pertinent pleading facts, as they negatively and affirmatively are found in the record, are these:

There is no averment of diverse citizenship. The jurisdiction of the court is based upon the averment that the case arises under the laws of the United States, to wit, the fourth proviso of section 5 of the act of Congress of February 20, 1905, relating to trade-marks. Comp. St. 1913, § 9490. The injury complained of is an infringement of the trade-mark rights of the plaintiff acquired under that act. The only interstate averments of plaintiff's claim of right are that the trade-mark is registered under the act of Congress, and that under this trade-mark the plaintiff's product "has been known throughout the country exclusively as the product of the plaintiff." The only interstate averment as to defendant's violation of plaintiff's claim of right is that it has induced purchasers to take the product of the defendant under the belief that it was the product of the plaintiff, and thereby "it has caused in this district and elsewhere throughout the United States great and irreparable injury to the plaintiff."

A motion has been made to dismiss the bill, which is now limited to the sole ground that there is no averment in the bill of an interstate use or threatened use of plaintiff's trade-mark.

The trade-mark legislation of Congress is based upon that provision of the Constitution which confers power upon Congress to regulate commerce among the several states, etc.

[1] Property in trade-marks is recognized at common law, and may be and has been made the subject of legislation in the states. It does not owe its existence as a right to any act of Congress. Legislation, therefore, by Congress, is the mere regulation of a pre-existing right, and is based upon the interstate character of the act.

[2] The use of a trade-mark may be confined to intrastate commerce, or it may be extended into the federal field. With the regulation of trade when thus confined to the limits of a single state Congress has nothing to do. Its power and authority is limited to interstate transactions. It was, therefore, held that Act Cong. Aug. 14, 1876, c. 274, 19 Stat. 141, providing for the punishment of counterfeiting trade-marks, etc., was void, because it included commercial acts not of an interstate character. U. S. v. Steffens (Trade-Mark Cases) 100 U. S. 82, 25 L. Ed. 550.

Act March 3, 1881, c. 138, 21 Stat. 502, as well as Act Feb. 20, 1905, both provided only for the registration of the trade-marks which are to be used in interstate commerce. Under the act of 1881 it was held, in a case arising between citizens of the same state, a bill should be dismissed because it failed to allege that the trade-mark in controversy was used on goods intended to be transported to a foreign country. Ryder v. Holt, 128 U. S. 525, 9 Sup. Ct. 145, 32 L. Ed. 529.

[3] Cases of this general character may involve two features. One is a trespass upon the rights of the plaintiff which he has acquired under a common-law trade-mark. The other is an infringement of his statutory proprietary right, acquired under the trade-mark registration acts. The common-law trade-mark is protected against infringe-

ment by its use either in intrastate or interstate commerce. The registration protects the use of the trade-mark only in interstate transactions. When the controversy is between citizens of the same state, and the jurisdiction of the court depends upon the averment that the case arises under the laws of the United States, then the complaint must be an infringement of the proprietary right which arises out of the registration and the facts necessary to confer jurisdiction must be averred. Prince's Metallic Paint Co. v. Prince Mfg. Co. (C. C.) 53 Fed. 493.

In the line of the same thought we have the expression of opinion in Andrews Co. v. Puncture Co. (C. C.) 168 Fed. 762, that the court does not have jurisdiction where jurisdiction depends upon this fact, unless the registered trade-mark has been used or is threatened to be used in interstate commerce.

As the constitutionality of the acts of Congress depends upon the interstate feature, it follows that the same construction must necessarily be given in this respect to the act of February 20, 1905, as was given to the act of March 3, 1881, and it further follows that the acts of Congress conferring jurisdiction upon the courts in copyright and trade-mark cases must be construed to be limited to interstate use of such trade-marks. Bernstein v. Danwitz (C. C.) 190 Fed. 604.

[4] It only remains, therefore, to inquire into the sufficiency of the averments here. As the averment is of a registered trade-mark under the provisions of the act of Congress, this may be taken to include an averment of all the facts necessary to found the right of the plaintiff to the trade-mark registration, and therefore to include the averment of an interstate use of the trade-mark by the plaintiff. There is no averment, however, of an interstate use, actual or threatened, by the defendant. The averment quoted, that injury had been caused to the business of the plaintiff here "and elsewhere throughout the United States," as not an averment of interstate use. The bill should accordingly be dismissed for want of jurisdiction.

The thoughtful care and thoroughness with which the question involved has been discussed by counsel call for more than a passing reference to the views which we have not been able to adopt. The position of the plaintiff may be summarized thus:

1. The trade-mark act of February 20, 1905, and section 24 of the Judicial Code (Comp. St. 1913, § 991), confer jurisdiction of all cases arising "under the trade-mark laws."

On its face this impresses one, but the force of it is lost when we reflect that a case can arise under the trade-mark laws only when the trade-mark and its violation have relation to interstate commerce. Counsel is in error in asserting that nothing in the act limits the right of the plaintiff to trade-marks used in interstate commerce. The act of 1905 expressly so limits it, and confers jurisdiction only in cases "arising under the present act."

2. Plaintiff, having secured a trade-mark right under the act, is presumed to be entitled to it, and it therefore is a trade-mark used in interstate commerce.

This is probably right so far as it goes, but it does not go far enough. The act of violation complained of, actual or threatened, must be an

interstate act, and it is only when the defendant so uses the trade-mark that the act of Congress confers the jurisdiction.

3. The plaintiff does aver the commission of an interstate offense, in that the concluding clause of paragraph 11 avers that damage has been done the plaintiff in this district "and elsewhere throughout the United States."

This averment may be true, and yet the defendant not have used the trade-mark in "commerce with foreign nations or among the several states or with the Indian tribes."

4. Of the cases cited by counsel in their supplemental and supporting brief, Rossmann v. Garnier, 211 Fed. 404, 128 C. C. A. 73, gives them no support. The fact there found was an interstate use. So far as the case bears upon the present point, its authority is for the present defendant. In Davids Co. v. Davids Mfg. Co., 233 U. S. 461, 34 Sup. Ct. 648, 58 L. Ed. 1046, the "any infringing use" which counsel have so strongly emphasized necessarily means the interstate use, the exclusive right to which is given by the statute. The citation by defendant of the case of Bernstein v. Danwitz (C. C.) 190 Fed. 604, is not open to the criticism directed against it. That case squarely holds that the jurisdiction which depends upon the acts of Congress attaches only when the facts bring the case within those acts.

5. The final stand taken by plaintiff, that the act of 1905, contains additional provisions to those of the act of 1881, and that if the courts are not given jurisdiction an offender in the same state with the defendant would go unscathed, avoids the point in issue. That the act of 1905 made changes in the law must be conceded, but this by no means concedes the point under discussion. The argument is, and it seems to be unanswerable, that Congress has power only to legislate on trade-marks used in interstate commerce, that it has in fact only granted the exclusive right to registered trade-marks when so used, and that jurisdiction is given on this ground to the courts only, when the defendant has violated this exclusive proprietary right of the plaintiff by using its trade-mark in interstate trade.

The bill in its present shape must be dismissed. As, however, the plaintiff may be able to amend its bill, five days is allowed in which to make application for leave to amend; otherwise, bill dismissed, with costs to defendant.