**MIRROLIKE MFG. CO., Inc., v. DEVOE & RAYNOLDS CO., Inc.**

(District Court, S. D. New York. September 24, 1923.)

1. **Trade-marks and trade-names and unfair competition ⬤=59(5)—"Mirrolike," if valid trade-mark for polish, was infringed by use of word "Mirrolac."**

"Mirrolike," if valid as trade-mark for furniture, floor, and automobile polish, was infringed by use of word "Mirrolac."

2. **Trade-marks and trade-names and unfair competition ⬤=3(4)—"Mirrolike," as applied to polish, held too descriptive to be valid trade-mark.**

Word "Mirrolike," as applied to a furniture, floor, and automobile polish, is too descriptive to be a valid trade-mark.

In Equity. Suit by the Mirrolike Manufacturing Company, Inc., against Devoe & Raynolds Company, Inc. On plaintiff's motion for preliminary injunction, and on defendant's motion to dismiss bill. Plaintiff's motion denied, and defendant's motion granted.

Decree affirmed 3 F.(2d) 847.

James L. Steuart and Frank S. Moore, both of New York City, for plaintiff.

William D. Gaillard and C. A. L. Massie, both of New York City, for defendant.

HOUGH, Circuit Judge. The action is brought on a technical trade-mark. It is between residents of the same state. Jurisdiction is derived solely from the act of registration. What was registered was the word "Mirrolike," printed in a peculiar manner and surrounded by an ornamental device. Such trade-mark plaintiff's assignor said had been "adopted and used * * * for furniture, floor, and automobile *polish*."

Defendant has confessedly used the word "Mirrolac" as the name for a substance which it is said "stains and varnishes in one operation." It further asserts that Mirrolac, under favorable conditions, will "dry hard overnight with a high gloss."

[1] I have no doubt that the two words are so much alike, and their use so similar, that, if plaintiff's trade-mark is valid, defendant has infringed by using a substantial portion of it. It is argued that, since defendant uses nothing but the word, and in respect of design, style of printing, color, etc., there is no similarity between what plaintiff puts out and what defendant has produced, this case is within Hutchinson v. Loewy, 163 F. 42, 90 C. C. A. 1. I do not think it necessary to pass on this point, for I shall assume, without holding, that plaintiff's trade-mark is of such a nature that it can be infringed by the use of a word similar (within the cases) to Mirrolike, and that such infringement will exist irrespective of style of print, context, color scheme, and other extraneous or surrounding circumstances. This is certainly all that plaintiff could ask.

[2] Having made this assumption, I am of opinion that Mirrolike, as applied to a polish, is altogether too descriptive to be a valid trade-mark. On this fundamental finding there is little, if anything, to add to what I was privileged to say for the court in Hercules, etc., Co. v. Newton (C. C. A.) 266 F. 169. Mirrolike is more than suggestive; it is in my judgment "merely descriptive." Therefore under the statute it is bad.

Plaintiff seems to me to be impaled on the horns of a dilemma; if it asserts that its trade-mark is good, because Mirrolike is peculiarly printed and surrounded by a diagram or ornamental scroll, then what the defendant has used does not infringe. But if it asserts (as it does) that its trade-mark is essentially the made-up word "Mirrolike," its trade-mark is bad, because descriptive only.

Plaintiff's motion is denied, and defendant's is granted.