## RUBBER & CELLULOID PRODUCTS CO. v. STAR BRUSH MFG. CO., Inc.

District Court, E. D. New York. November 12, 1927.

No. 3169.

1. Trade-marks and trade-names and unfair competition ☞3(4½)—"Rubberset," "Hard Rubberset," and "Hard Rubberset and Bound" held descriptive merely, and not valid trade-marks for brushes.

The words "Rubberset," "Hard Rubberset," and "Hard Rubberset and Bound," as applied to brushes, are merely descriptive of the method of fastening the bristles, and are not valid trade-marks.

2. Trade-marks and trade-names and unfair competition ☞73(1)—Use of descriptive word by vendor may acquire secondary meaning, justifying injunction, and complaint for use by others should not be dismissed.

The word "Rubberset," used by complainant for many years to designate its brushes, may have acquired a secondary meaning as identifying its product, which entitles it to an injunc-

tion to restrain use of an imitation of the word as unfair competition, and a bill for such relief cannot be dismissed in advance of trial.

In Equity. Suit by the Rubber & Celluloid Products Company against the Star Brush Manufacturing Company, Inc. On motion to dismiss bill. Granted as to first cause of action alleged, and denied as to second.

Darby & Darby, of New York City, for plaintiff.

J. Granville Meyers, Thomas J. Johnston, and Charles S. Jones, all of New York City, for defendant.

CAMPBELL, District Judge. This is a motion to dismiss the plaintiff's bill before answer. The plaintiff by its bill seeks relief on two grounds: First, that the defendant has infringed the plaintiff's registered trademarks, "Rubberset," "Hard Rubberset," and "Hard Rubberset and Bound"; and, second, unfair competition.

Plaintiff in its bill alleges: "According to the method of manufacture of brushes in general use prior to the year 1887 the bristles were set in cement, glue and rosin and held in place by the compression of the handle and a metal ferrule." Also: "In or about the year 1887 plaintiff began the manufacture of brushes by a new and improved method, according to which the bristles instead of being held in cement, glue, or rosin, were set in rubber by immersing the butt ends of the bunches of bristles in soft rubber, binding them by a belt of rubber, or of rubber combined with metal (instead of by a metal ferrule), and then vulcanizing under heat and pressure the rubber setting and binding."

Plaintiff further alleges that it has since 1887 manufactured brushes by the new method, and sold and shipped them in large quantities, and has used the designation "Rubberset" continuously since May 15, 1905, "Hard Rubberset" since January 1, 1895, but since 1904 not as extensively as the word "Rubberset," and "Hard Rubberset and Bound" since 1887, but since 1904 not as extensively as the word "Rubberset."

[1] From the allegations of the bill, to which I have referred, it appears that the word "set," when used with either of the words "cement," "glue," "rosin," or "rubber," when applied to brushes, would mean the manner of setting the bristles when manufacturing the brushes, and in my opinion the defendant properly contends that the words used by the plaintiff in its trade-marks "Rubberset," "Hard Rubberset," and "Hard Rubberset and Bound," are not valid trade-marks as applied to brushes made as plaintiff's brushes are made, because they do not in themselves indicate the origin of manufacture, but are merely descriptive of the process of manufacture. Rubber & C. H. T. Co. v. F. W. Devoe & C. T. Raynolds Co. (D. C.) 233 F. 150; Standard Paint Co. v. Trinidad Asphalt Co., 220 U. S. 446, 31 S. Ct. 456, 55 L. Ed. 536; Warner & Co. v. Lilly & Co., 265 U. S. 526, 44 S. Ct. 615, 68 L. Ed. 1161; Mirrolike Mfg. Co. v. Devoe & Raynolds Co. (D. C.) 3 F.(2d) 846.

[2] As to the second ground, however, I cannot agree with the defendant's contentions, because, while the words that the plaintiff used as its trade-marks are descriptive of the process of manufacture, they, especially "Rubberset," which of late years has been used most extensively, may have gained a secondary meaning, and because of the merits of the brushes manufactured and sold by the plaintiff, under that name, have become associated in the minds of the purchasing public with products possessed of desirable qualities, and gained a reputation in the trade which has created a large demand for such products. Lawrence Mfg. Co. v. Tennessee Mfg. Co., 138 U. S. 537, 11 S. Ct. 396, 34 L. Ed. 997; Coats v. Merrick Thread Co., 149 U. S. 562, 13 S. Ct. 966, 37 L. Ed. 847; Singer Mfg. Co. v. June Mfg. Co., 163 U. S. 169, 16 S. Ct. 1002, 41 L. Ed. 118; Elgin National Watch Co. v. Illinois Watch Case Co., 179 U. S. 665, 21 S. Ct. 270, 45 L. Ed. 365; The French Republic v. Saratoga Vichy Co., 191 U. S. 427, 24 S. Ct. 145, 48 L. Ed. 247; Herring, etc., Safe Co. v. Hall's Safe Co., 208 U. S. 554, 559, 28 S. Ct. 350, 52 L. Ed. 616; Thaddeus Davids Co. v. Davids, 233 U. S. 461, 471, 34 S. Ct. 648, 58 L. Ed. 1046, Ann. Cas. 1915B, 322; Fuller v. Huff (C. C. A.) 104 F. 141; Trinidad Asphalt Mfg. Co. v. Standard Paint Co. (C. C. A.) 163 F. 977, 982.

Plaintiff has sufficiently alleged unfair competition and it seems to me that such issue should be tried. The word "Rub-R-Tite," used by the defendant, does not seem to me to be a very close imitation of the word "Rubberset"; but it is not sufficiently dissimilar for me, without any evidence on the subject, to say that a purchaser would not be deceived thereby, and while I would not, on the papers before me, grant a preliminary injunction against its use, I cannot, before evidence is taken, dismiss the complaint.

Defendant urges that the purchasers of plaintiff's and defendant's products are high-

ly qualified experts, who would not be deceived; but I do not see how I can make such a finding in advance of a trial, because, while I may on a motion to dismiss before trial inspect the plaintiff's and defendant's products in addition to the bill, I know of no authority which would warrant my finding in advance of the trial as defendant contends.

Defendant is in error in its contention that plaintiff is not the manufacturer, and that the Rubberset Company is the real party in interest.

The motion to dismiss is granted as to the first ground, that the defendant has infringed the plaintiff's registered trade-marks, and denied as to the second ground, unfair competition.

Settle order on notice.