## STANLEY MFG. CO. v. ART METALABLE CORPORATION.

### No. 643.

District Court, M. D. Pennsylvania.
March 16, 1931.

Toulmin & Toulmin, of Dayton, Ohio, and O'Brien & Kelly, of Scranton, Pa., for plaintiff.

John D. Myers of Philadelphia, Pa., Knapp, O'Malley, Hill & Harris, of Scranton, Pa., Samuel K. McCall, of York, Pa., and Towson Price, of Washington, D. C., for defendant.

JOHNSON, District Judge.

This is a motion to dismiss plaintiff's bill of complaint for the reasons that the court "has no jurisdiction over certain of the causes of action set forth in said Bill of Complaint and Supplemental Bill of Complaint," and "that there is a misjoinder of causes of action set forth therein, in that causes of action within the jurisdiction of this Court are joined with causes of action over which this Court has no jurisdiction."

Plaintiff's bill of complaint and supplemental bill of complaint join three separate and distinct causes of action: First, infringement of plaintiff's patents; secondly, infringement of plaintiff's trade-mark; and, thirdly, unfair competition. It is alleged that the Stanley Manufacturing Company, plaintiff, is a corporation organized and existing under the laws of the state of Ohio with its principal office and factory in the city of Dayton, and an inhabitant of the state of Ohio, and that the Art Metalable Corporation, defendant, is a corporation, organized and existing under the laws of the commonwealth of Pennsylvania, with its place of business in the city of York in the commonwealth of Pennsylvania. It is, also, alleged "that the amount involved herein, exclusive of interest and costs, exceeds the sum of $3,000.00."

The question involved in defendant's motion to dismiss is whether the court has jurisdiction of plaintiff's third cause of action, the alleged unfair competition. The defendant admits that the court has jurisdiction over the first two causes of action by virtue of the patent laws and the trade-mark laws of the United States regardless of the citizenship of the parties or the amount involved, but contends that this court can have jurisdiction of the third cause of action, the alleged unfair competition, only by diversity of citizenship, and where the amount involved, exclusive of interest and cost, arising from the unfair competition exceeds the sum of $3,000.

The diversity of citizenship is properly alleged, and the plaintiff contends, first, that the complaint as to unfair competition is incidental to the complaints of infringement of plaintiff's patents and plaintiff's trade-mark, and that, therefore, the court secures jurisdiction over the third cause of action, the unfair competition, through its jurisdiction over the first two causes of action of which the third cause of action is incidental, and secondly, because the allegation of the amount involved is sufficient to give the court jurisdiction over the third cause of action.

To give this court jurisdiction over the third cause of action, the alleged unfair competition, two jurisdictional facts must appear in plaintiff's bill of complaint: First, the diversity of citizenship of the parties; and, secondly, that the amount involved, exclusive of interest and costs, exceeds the sum of $3,000. The plaintiff in its bills of complaint alleges that the unfair competition is a separate and independent cause of action and not that it is merely incidental to the first two causes of action. The requisite jurisdictional facts as to this third cause of action must therefore be clearly and specifically pleaded. C. L. King & Co. v. Inlander (C. C.) 133 F. 416; Cushman v. Atlantis Fountain Pen Co. (C. C.) 164 F. 94; National Casket Co. v. New York & Brooklyn Casket Co. (C. C.) 185 F. 533.

One jurisdictional fact, the diversity of citizenship required to include the third cause of action, clearly appears, but what amount is involved in the third cause of action does not appear in the plaintiff's bills of complaint. The allegation "that the amount involved herein, exclusive of interest and costs, exceeds $3,000.00" does not refer to the third cause of action alone, but to the entire action or all three of the causes, and this is not sufficient to give the court jurisdiction over the third cause of action. C. L. King & Co. v. Inlander, supra; Cushman v. Atlantis Fountain Pen Co., supra; National Casket Co. v. New York & Brooklyn Casket Co., supra.

For the reason stated above the plaintiff's bills must be amended so as to show that the amount involved in the third cause of action alone exceeds $3,000, exclusive of interest and costs, or the third cause of action must be dismissed and stricken from the plaintiff's bills of complaint.

The plaintiff is allowed twenty days in which to amend its bills of complaint in accordance with the above opinion. Upon failure so to amend its bills within twenty days from the filing of this opinion the plaintiff's third cause of action will be dismissed on motion.