## UNIT CONST. CO. v. HUSKEY MFG. CO.

### (District Court, E. D. Pennsylvania.　March 24, 1917.)

### No. 1595.

1. COURTS ⬤290—JURISDICTION OF FEDERAL COURTS—JOINDER OF CAUSES OF ACTION.

A federal court is not given jurisdiction of a suit for unfair competition between citizens of the same state by the fact that it is joined with a cause of action for infringement of a patent, nor because the unfair competition charged is connected with the sale of the alleged infringing articles.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 832.]

2. PATENTS ⬤226—TRADE-MARKS AND TRADE-NAMES ⬤68—"INFRINGEMENT" AND UNFAIR COMPETITION DISTINGUISHED.

Patent infringement and unfair competition in trade are separate causes of action, distinct in their nature. Patent infringement is the violation of an exclusive monopoly created by statute, while no element of monopoly is involved in unfair competition.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 357; Trade-Marks and Trade-Names, Cent. Dig. § 79.

For other definitions, see Words and Phrases, First and Second Series, Infringement.]

3. TRADE-MARKS AND TRADE-NAMES ⬤68—"UNFAIR COMPETITION."

The doctrine of unfair competition does not forbid or discountenance the manufacture or sale by any one of articles belonging to the class constituting the subject of such competition. It merely prohibits a fraudulent or wrongful placing of the articles on the market in such manner or dress as to deceive or be calculated to deceive a purchaser into the belief that such articles were manufactured or prepared and directly or indirectly placed on the market by persons other than those practicing such unfair competition. The essence of the doctrine is that no one is to be allowed fraudulently to palm off upon the public his goods as those of another.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 79.

For other definitions, see Words and Phrases, First and Second Series, Unfair Competition.]

In Equity.　Suit by the Unit Construction Company against the Huskey Manufacturing Company.　On motion by defendant to dismiss bill as to one cause of action alleged.　Motion granted.

Murdoch Kendrick, of Philadelphia, Pa., and J. Granville Meyers and R. B. Cavanagh, both of New York City, for plaintiff.

Howson & Howson, of Philadelphia, Pa., for defendant.

BRADFORD, District Judge.　The Unit Construction Company, a corporation of Pennsylvania, has brought its bill against the Huskey Manufacturing Company, a corporation of the same state, charging infringement of letters patent of the United States No. 1,176,692, for improvements in unit partition and wall construction, and design letters patent of the United States No. 49,232 for a design of a wall panel or partition.　The plaintiff further alleges that the defendant has been guilty of unfair competition.　The defendant has moved that

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the bill be dismissed so far as it seeks relief on the ground of unfair competition, for the reason that both parties being citizens of Pennsylvania this court has no jurisdiction to grant relief on that ground. Aside from patent infringement the bill, both in form and in substance, alleges and seeks relief for unfair competition. The first paragraph of the stating part of the bill states that:

"In the said eastern district of Pennsylvania this defendant has also committed the acts of unfair competition hereinafter complained of."

Paragraph 14 is as follows:

"14. This plaintiff says that in order to make known to purchasers and to the public the merits and advantages of said patented inventions and to thereby create a legitimate demand therefor, this plaintiff has continuously carried on an extensive campaign of advertising both by circulars, catalogues, circular letters and the like, and by advertisements in trade journals and national magazines. These circulars, catalogues and advertisements have contained cuts accurately representing the design and appearance of plaintiff's patented inventions, and in the case of the catalogues, particularly, cuts representing detailed features of plaintiff's construction have been shown; that in this connection plaintiff has been put to and about great expense and effort in designing and devising a novel and ingenious diagrammatic system illustrative of installations of the patented booths, the partitions and the like, and in conjunction therewith a system of list-price on installations applicable to and to be read in conjunction with the diagrammatic system, such diagrammatic system and list-price of installations to be used in conjunction therewith is illustrated on pages 4 and 5 of a sample of one of plaintiff's printed circulars attached hereto and made a part of this bill and marked 'Plaintiff's Exhibit A—Plaintiff's Circular.' Furthermore, in its circulars like the sample 'Plaintiff's Exhibit A—Plaintiff's Circular,' this plaintiff has embodied cuts or pictorial representations of certain actual installations made by it for customers, and to obtain which it was put to and about considerable expense. This plaintiff has expended large sums of money in such advertising, in addition to salaries and other expenses of salesmen in promoting and forwarding the sale of these patented structures. In all of plaintiff's advertisements attention has been directed to the fact that these patented structures were manufactured by plaintiff, and by reason of such advertising the purchasing public generally have become familiar with the designs and appearance of plaintiff's inventions. Manufacturers of similar goods have generally respected plaintiff's rights in said patented structures and design, and in and to its advertising matter thereof, but this defendant, Huskey Manufacturing Company, well knowing all of the facts above set forth, without right or authority and against the will of plaintiff, and for the purpose of appropriating to itself a part of the profits rightfully due to the plaintiff from the sale of structures embodying plaintiff's patented inventions has imitated and duplicates plaintiff's patented structures in all their essential features, and has advertised such imitations for sale through the medium of catalogues, circulars and the like, and has inserted in said catalogues, circulars and the like, cuts, plans of diagrammatic systems and list-price installations in imitation of plaintiff's advertising matter, and has shown in such circulars and catalogues, the infringing structures in the exact position in which they are shown in plaintiff's advertisements, circulars and catalogues relating to its patented structures. Such catalogue or circular of the defendant is attached hereto and made a part hereof, and is marked 'Plaintiff's Exhibit B—Defendant's Catalogue.' Plaintiff further says that the infringement and imitations of plaintiff's patented structures thus wrongfully manufactured and sold by the defendant as herein complained of, are of inferior manufacture of the structures of plaintiff, and are sold to merchants and the dealers at a price materially below that at which plaintiff's patented structures are sold to the merchants and the dealers, and that the appearance of defendant's infringing structures are so similar to the patented structures of plaintiff as to

be likely to deceive purchasers, from all of which wrongful acts the defendant has secured and is securing a large amount of the profits which this plaintiff as owner of said patented structures is justly entitled, and by reason of the inferior quality of defendant's imitation and infringing structures, the reputation of plaintiff's patented structures has been, and is being damaged in the minds of the purchasing public, as this plaintiff is informed and believes."

[1-3] The plaintiff prays not only that the defendant be restrained from infringing the two patents, or either of them, but "from using cuts, reproductions, and advertising or printed matter so similar in appearance to plaintiff's cuts or reproductions, advertising or printed matter as would be likely to deceive and confuse purchasers"; and further, that the plaintiff "may have such other and further relief as to this court may seem meet." This prayer is broad enough to cover not only damages and profits for patent infringement, but damages for unfair competition. If patent infringement were not charged in the bill undoubtedly this court would lack jurisdiction owing to identity of citizenship as between parties. But it is urged that relief on the ground of unfair competition may be treated as merely incidental to the principal relief sought, namely, that for patent infringement, and that, the court having jurisdiction over the patent litigation, incidental relief may be given on the former ground. And it is further urged that on the assumption that relief cannot be given in this suit on the ground of unfair competition as such the allegations of unfair competition may be treated as disclosing a deliberate and fraudulent intent accompanying the alleged infringement. While these contentions do not wholly lack judicial support, I think there is fatal vice in each of them. Patent infringement and unfair competition in trade are separate causes of action, distinct in their nature. There are essential differences between them. Patent infringement is the violation of an exclusive monopoly created by statute. No element of monopoly is necessary or involved in unfair competition. The doctrine of unfair competition does not forbid or discountenance the manufacture or sale by any one of articles belonging to the class constituting the subject of such competition. It merely prohibits a fraudulent or wrongful placing of the articles on the market in such manner or dress as to deceive or be calculated to deceive purchasers into the belief that such articles were manufactured or prepared and directly or indirectly placed on the market by persons other than those practicing such unfair competition. The essence of the doctrine is that no one is to be allowed fraudulently to palm off upon the public his goods as those of another. The establishment of unfair competition requires proofs and the application of principles radically different from those necessary to support a charge of patent infringement. What is necessary to constitute an act of infringement lacks some of the essential elements of unfair competition. In no legitimate sense can it be claimed that relief for unfair competition is incidental to relief for patent infringement. The court has no jurisdiction over an unfair competition controversy between citizens of the same state, and the coupling of the two causes of action in the bill in question is not only unsupported by principle and calculated to embarrass the

orderly administration of justice, but, with respect to the charge of unfair competition, is forbidden by the jurisdictional limitation of judicial power. The conclusion thus reached is supported and required by the authorities. Rule 26 of the equity rules prescribed by the Supreme Court (201 Fed. v, 118 C. C. A. v), it is true, provides that "the plaintiff may join in one bill as many causes of action, cognizable in equity, as he may have against the defendant." That rule recognizes that causes of action against a defendant joined in one bill may not under all circumstances be "conveniently disposed of together," for in such case the court "may order separate trials." But however that may be, it is clear that a mere rule, though prescribed by the Supreme Court, cannot override the statutory limitation of jurisdiction imposed upon this court. In Geneva Furniture Co. v. Karpen, 238 U. S. 254, 259, 35′ Sup. Ct. 788, 789 (59 L. Ed. 1295), the court said:

"It hardly needs statement that the jurisdiction as limited and fixed by Congress cannot be enlarged or extended by uniting in a single suit causes of action of which the court is without jurisdiction with one of which it has jurisdiction. Upon this point the rule otherwise prevailing respecting the joinder of causes of action in suits in equity must of course yield to the jurisdictional statute."

Among the numerous cases declaring and applying the principle thus authoritatively enunciated by the Supreme .Court are Cushman v. Atlantic Fountain Pen Co. (C. C.) 164 Fed. 94; National Casket Co. v. New York & Brooklyn Casket Co. (C. C.) 185 Fed. 533; Electric Boat Co. v. Lake Torpedo Boat Co. (D. C.) 215 Fed. 377; Johnston v. Brass Goods Mfg. Co. (D. C.) 201 Fed. 368; Keasby & Mattison Co. v. Philip Cary Mfg. Co. (C. C.) 113 Fed. 432; King & Co. v. Inlander (C. C.) 133 Fed. 416; Mecky v. Grabowski (C. C.) 177 Fed. 591, Burt v. Smith, 71 Fed. 161, 163, 17 C. C. A. 573.

The position that the allegation of unfair competition is proper as a disclosure of the aggravated character of the infringement in its bearing upon the question of increased damages is equally untenable. In the first place, this contention is inconsistent with the fact that the plaintiff complains in the bill of unfair competition as such. And secondly, if under the bill as drawn increased or treble damages are recoverable it is competent for the plaintiff after interlocutory decree to establish before the master facts and circumstances justifying and requiring an allowance in the final decree of treble damages.

The bill must be and hereby is dismissed without prejudice so far as it seeks relief on the ground of unfair competition in trade, with leave to the plaintiff within thirty days from this date to so amend the stating part and prayers of the bill as strictly to limit the relief sought to profits and damages for patent infringement.