FAIR & CARNIVAL SUPPLY CO. v. SHAPIRO et al.

(District Court, E. D. Pennsylvania. May 22, 1919.)

No. 1795.

1. PATENTS ⬥⟶90(2)—ASSERTION OF CLAIM OF RIGHT.
    An inventor or first discoverer must assert his claim of right through the patent laws, or not at all.

2. TRADE-MARKS AND TRADE-NAMES ⬥⟶70—UNFAIR COMPETITION.
    If no lawful monopoly was possessed by plaintiff through an exclusive right to make and sell its doll babies, given by the patent laws or otherwise, plaintiff could not deny to others the right to make and sell dolls; but if plaintiff, having originated a trade in such dolls, became so associated in the public mind with the doll product that there was a demand for plaintiff's make of dolls, and another manufacturer sought to share in the trade by imposing on the public a second make of dolls as the first, there was a legal wrong to plaintiff, calling for redress.

3. INJUNCTION ⬥⟶129(1)—MOTION TO DISMISS—BILL AND ANSWER—DETERMINATION OF FACTS.
    In suit to restrain unfair competition by jobbers in selling doll babies similar in every respect to plaintiff's, where defendants are unwilling to have the case heard on the averments of the bill as on final hearing, and deny the fact of unfair competition, a trial must be had to determine such essential fact, which cannot be determined on motion to dismiss.

⬥⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Suit by the Fair & Carnival Supply Company against Max Shapiro and Nathan Karr, trading as Shapiro & Karr. On motion to dismiss bill. Motion denied.

J. Bonsall Taylor, of Philadelphia, Pa., Stephen J. Cox, of New York City, and E. Hayward Fairbanks, of Philadelphia, Pa., for plaintiff.

Alfred Aarons, of Philadelphia, Pa., for defendants.

DICKINSON, District Judge. Inasmuch as the conclusion which we have reached to deny this motion involves the trial of the cause, we refrain from any discussion of its merits at this time, and confine ourselves to a statement of the respective contentions of the parties, so far as called for to disclose the ground of the present ruling.

[1] The real basis of the complaint is the feeling of ownership which any one has in a field of commercial exploitation which he has created or has first found. This feeling is universal and deep-rooted. Such a finder regards himself as a pioneer, and resents the intrusion of any one else upon what he regards as his own domain. Sympathetic recognition of this claim of right is the foundation of our patent and copyright laws. The existence of such laws and a knowledge of the legal rights which they confer suggest the thought of the evils of monopolies, and the subsidiary thought that, if such claims of right are recognized otherwise than through the operation of the patent laws, the claimant is accorded a greater right if he is not a patentee than if he is. We are, in consequence, forced to the conclusion that an inventor or first discoverer must assert his claim of right through the patent laws or not at all. If we stop here, however, wrongs which would be recognized by every fair-minded person as wrongs would go unredressed. We are in further consequence driven to the search for some other principle upon which a remedy can be built. The principle at hand is that which is known as the doctrine of unfair competition. This right to protection against unfair competition in trade is the right which the plaintiff in this case invokes. The distinction sought to be made is that which has been expressed for us by Judge Bradford in Unit v. Huskey (D. C.) 241 Fed. 131. This distinction may be brought out by its application to the facts of this case, and thereby the rights of the plaintiff made clear.

[2, 3] Plaintiff claims to have conceived the thought of putting upon the market a doll baby having a certain appearance and characteristics. If we assume (which, of course, is not the case) that the plaintiff had been the first to get the idea of such a thing as a doll baby, the commercial value of the idea would have been at once recognized, and a trade would at once have been built up in dolls. If no lawful monopoly, however, was possessed by the plaintiff through its exclusive right to make and vend such dolls, given by patent laws or otherwise, the plaintiff could not deny to others the right to make and sell dolls. If, however, by reason of the plaintiff having originated a trade in dolls, it became so associated in the mind of the purchasing public with the doll product as that there was a demand

for the plaintiff's make of doll, and another manufacturer sought to share in the trade thus created, through and by imposing upon purchasers the second make of dolls as the first make, there would then be a legal wrong calling for redress. Within the lines thus marking out the legal limitations there are other lines universally recognized as lines which should not be overstepped by any one having a decent respect for the opinion of those who believe in fair dealing.

The manufacturer of the make of doll of which the plaintiff complains has imitated the plaintiff's make of doll. Comparing one of each make, they are as like as twins. This likeness causes to arise in the mind two thoughts: The one is that, whether this second manufacturer has trespassed upon the legal rights of the plaintiff or not, he has, in the ethical sense at least, sought to gain an unfair and an unrighteous advantage by appropriating to himself that to which the plaintiff has a just claim. The other thought is that he at least may have overstepped the line between fair and unfair competition as legally defined.

The plaintiff in this case moved for a preliminary injunction. The injunction was not awarded because the supporting proofs did not enable us to make findings which would justify the interference of the court in limine. It does not follow, however, that the trial proofs will also fall short. We are of opinion that the plaintiff is entitled to the opportunity to prove its case, if it is able to do so. For this reason we deny the present motion. In entering this denial, however, it may be proper to state the practical grounds on which defendants urge the motion. They are not manufacturers, but jobbers. They bought that which was upon the market for sale, and it is fair to assume that they at least may have bought in ignorance of the fact that the rights of any one were involved. Because of the fact that the thing over which this controversy hovers is a doll, it is practically difficult, if not impossible, to distinguish between similitudes which are functional likenesses and similarities which are only such in appearance, for the reason that all the things which enter into the looks of a doll may be said with truth to be functional.

The trial of a case of this kind will probably involve more in expense than the interests of one who is claiming no more than a right to sell a job lot would warrant him in incurring. This affords something of a justification for asking that the question of the right of the plaintiff to that which he asks should be determined upon his own statement of the facts which base his claim of right. If the plaintiff here were asking to have awarded a monopoly of its make of doll simply because it was the first to make the doll possessing these peculiar characteristics, this claim of right might well be determined in advance of the trial. The plaintiff is, however, claiming more, and that is a trespass by the defendants upon the special field which the plaintiff has laid out and occupied by putting upon the market the plaintiff's make of doll. This will require the court to make the finding of fact of whether or not unfair competition exists. If the defendants were willing to have the case heard upon the averments of the bill as upon final hearing, disposition might now be made of

the whole case. This, however, they are unwilling to do, because they deny the fact of unfair competition. This means that this fact must be found, and it can only be found upon trial, and the defendants cannot ask that the law of the case as affecting it be determined in advance of this essential fact finding.

The motion to dismiss is denied.