ASHLOW LIMITED, Ashlow
Corporation, Appellees,

v.

MORGAN CONSTRUCTION
COMPANY, Defendant,

and

U. S. INTERNATIONAL TRADE
COMMISSION, Appellant,

v.

Mr. Willy KORF and Korf Industries and
Handel GmbH. Co. KG (KIH); Korf
Stahl, A. G. (KS); Mr. Johann Rohde
and Korf Engineering, BmbH, (KE);
Korf Industries, Inc. (KII); Georgetown
Steel Corporation (GSC); Costaal BV
(CS), Coinvest, BV (CI); Ashlow Steel
and Engineering Ltd., (AS and E); and
Templeborough Rolling Mills Ltd.,
(TRM); Bridon Limited, (Bridon),
Third-Party Defendants.

ASHLOW LIMITED, Ashlow
Corporation, Appellees,

v.

MORGAN CONSTRUCTION
COMPANY, Appellant,

v.

Mr. Willy KORF and Korf Industries and
Handel GmbH. Co. KG (KIH); Korf
Stahl, A. G. (KS); Mr. Johann Rohde
and Korf Engineering GmbH. (KE);
Korf Industries, Inc. (KII); Georgetown
Steel Corporation (GSC); Costaal BV
(CS), Coinvest, BV (CI); Ashlow Steel
and Engineering Ltd., (AS and E); and
Templeborough Rolling Mills Ltd.,
(TRM); Bridon Limited, (Bridon),
Third-Party Defendants.

Nos. 82–1050, 82–1052.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 4, 1982.

Decided Feb. 16, 1982.

Michael H. Stein, Gen. Counsel, Washington, D. C. (Warren H. Maruyama, Washington, D. C., Jane Albrecht, U. S. Intern. Trade Com'n, on brief), for appellant in No. 82–1050.

Robert B. Russell, Boston, Mass. (David A. Tucker, Russell & Tucker, Boston, Mass., on brief), for appellant in No. 82–1052.

R. V. Lupo, Washington, D. C. (Harvey Kaye, Steven E. Lipman, Spencer & Kaye, Washington, D. C., James B. Moore, Moore, Flowers & Doar, Georgetown, S. C., Bart Fisher, Michael D. Esch, Andrew S. Newman, Patton, Boggs & Blow, Washington, D. C., on brief), for appellees.

Before BUTZNER, RUSSELL and CHAPMAN, Circuit Judges.

372

PER CURIAM:

This appeal arises out of two proceedings, one an administrative proceeding, and the other an action at law in the district court. The validity of a valid domestic patent is involved in both cases. The administrative proceeding consisted of an investigation conducted by the United States International Trade Commission (hereafter "Commission"),[1] for the purpose of determining whether certain articles manufactured in England by Ashlow Ltd. (hereafter "Ashlow"), and proposed to be imported for sale in the United States, infringed a valid domestic patent owned by Morgan Construction Company (hereafter "Morgan"), and, if so, whether such articles were excludable from importation under § 1337, 19 U.S.C. (section 337 of the Tariff Act of 1930). On the other hand, the action in the district court—which was instituted some three and a half months after the administrative proceedings—sought a declaratory judgment that the patent asserted by Morgan was invalid and unenforceable.[2]

The administrative proceeding before the Commission followed the procedure set forth in § 1337, 19 U.S.C.[3] That section declares unlawful "[u]nfair methods of competition and unfair acts in the importation of articles into the United States." While the section does not identify the particular actions which may constitute "unfair acts in the importation of articles," it has been repeatedly decided that the importation of an article which infringes a valid domestic patent constitutes an "unfair act" under the statute.[4] The Commission is charged under the section with the authority to investigate either "on complaint under oath or upon its own initiative," charges of "unfair acts in the importation of articles," and, on the basis of such investigation to determine, after notice published in the *Federal Register*, whether there has been an "unfair act" which represents a violation of the section. Any determination of a violation made by the Commission, though, is to be "made on the record after notice and opportunity for a hearing in conformity with the provisions of subchapter II of chapter 5 of Title 5," United States Code [5 U.S.C. § 551 *et seq.*]. Any person aggrieved by a final determination by the Commission may appeal to the United States Court of Customs and Patent Appeals "for review in accordance with chapter 7 of title 5," United States Code [5 U.S.C. § 701 *et seq.*].

In this case the proceedings before the Commission were commenced by the filing of a complaint by Morgan alleging a sale by Ashlow for importation to Georgetown Steel Corporation of an article manufactured in England which Morgan contended infringed its United States Patent 3,390,871 (hereafter "Patent '871"). Ashlow, Korf Industries and Handel, GmbH, Korf Engineering, GmbH, Korf Industries Inc., Mr. Willy Korf and Mr. Johann Heinrich Rohde, and Georgetown Steel were noticed as parties respondent in the notice of the hearing as published in the *Federal Register*, were admitted as parties to the hearing before the Commission and participated fully in the hearing.[5] At the conclusion of the hearing the Commission filed its determination on December 1, 1981. In its determination the Commission held that the Morgan

1. It is the successor of the Tariff Commission.

2. The complaint named as parties plaintiff both the English manufacturer, Ashlow Ltd., and its American subsidiary, Ashlow Corporation. Since the two have identity of interest, we refer to both as "Ashlow" for simplicity.

3. For a history of the section and the procedures authorized under it, *see* the concurring and dissenting opinion of Judge Nies in *Sealed Air Corp. v. U. S. Intern. Trade Com'n.*, 645 F.2d 976, 995–96 (C.C.P.A.1981), and 17 Wright, Miller, Cooper, *Federal Practice and Procedure*, § 4103, pocket part, 1980, p. 30.

4. *In Re Von Clemm*, 229 F.2d 441, 444 (C.C.P.A.1955); *In Re Orion Co.*, 71 F.2d 458, 466–67 (C.C.P.A.1934).

5. All respondents other than Ashlow and Georgetown Steel Corporation asserted that they were not subject to the jurisdiction of the Commission. Since the orders issued by the Commission directly affected only Ashlow and Georgetown Steel Corporation, we have treated them as the real respondents.

Patent '871 was valid, enforceable and infringed by Ashlow's apparatus, and that accordingly section 1337(a) had been violated. On the basis of that finding the Commission issued on December 10, 1981, its order excluding the apparatus from importation into this country. That order was promptly sent to the President for Presidential review as provided in the statute.

About three and a half months after the Commission investigation had been begun, the district court action was commenced by Ashlow against Morgan on May 13, 1981. Ashlow and Georgetown Steel two weeks later moved the Commission to stay its investigation pending a final judgment in this district court action. Such motion was denied. At the commencement of trial the district court separated the issues of patent validity and infringement. The trial thereafter proceeded solely on the issue of patent validity. On December 30, 1981, the district court ruled in an informal oral order, which was to be followed by a formal final order later, that the patent in question was invalid and unenforceable.

The day after the district court had announced its December 30 ruling, Ashlow and Georgetown Steel moved the Commission, on the basis of the district court's order, "for an order staying and suspending the Commission Action and Order in [the] investigation, pending the appeal of the final judgment in *Ashlow Limited et al v. Morgan Construction Company* (D.S.C., Civ. No. 81–936–5), and for an expedited decision on this motion." It also proceeded the same day to ship the apparatus in question from England by boat.

On January 15, 1982, the Commission, not disputing Ashlow's and Georgetown Steel's contention that the district court had original jurisdiction in the field of patent law, granted their motion for a stay of the Commission's order of permanent exclusion of the apparatus in question but it gave at the same time temporary relief permitting the entry of the apparatus in question only under bond. The reason given by the Commission for such form of temporary relief was "to protect the *status quo*" pending

Morgan's exhaustion of its appeal rights. Preliminary to arriving at this conclusion, the Commission had reviewed the equities of the parties and had sought to balance the harm that might be experienced by the respective parties as a result of the entry of the temporary order. It emphasized that under the order Ashlow and Georgetown Steel were "free to import the subject apparatus, with the knowledge that if the Fourth Circuit affirms the District Court, the Commission will immediately order the release of the bond." It considered then the situation that the dissolution without bond of the exclusion order, pending appeal, would place Morgan in. It concluded that Morgan would suffer "immediate and substantial harm" if the order of the district court were reversed and Ashlow and Georgetown Steel were allowed to import the apparatus in the meantime without bond, whereas Ashlow and Georgetown Steel would not suffer any "disproportionate harm" by requiring entry under bond, since by posting bond they would be enabled to import the article into the country and, if the decision of the district court were affirmed, their bond would be cancelled. It accordingly found that considerations of fairness warranted entry of the apparatus only under bond pending the final disposition of the appeal from the district court's ruling in *Ashlow Limited et al. v. Morgan Construction Company.*

Three days after the Commission had entered its order under section 1337(e), Ashlow and the other respondents moved the district court to require the Commission to show cause why it should not be compelled to withdraw its order requiring bond as a condition to importation. Two days later Ashlow and the other respondents filed a petition for a Writ of Mandamus in the Court of Customs and Patent Appeals, seeking the invalidation of the Commission's order of January 15 under § 1337(e). This motion has not yet been ruled upon by the Commission.

The show cause hearing in the district court was held on January 25, 1982. At its conclusion the district court filed its order.

The district court first stated that Congress had "vested original and exclusive jurisdiction of civil actions relating to patents in the district courts" and has not given the United States International Trade Commission or the United States Court of Appeals for International Trade, Patents and Trademarks jurisdiction to determine "patent validity" nor do the "decisions of either [have] *res judicata* effect." It finds that the power of the Commission to exclude articles from importation is limited to those situations where "the Commission determines that there is no reason to believe that there is a violation of" section 1337. It then declares that, "[t]he Commission simply does not have any reason to believe that § 1337 has been violated [in this case] in view of the fact that the '871 has been declared invalid and unenforceable by the only forum with jurisdiction to render such an opinion." It states that in other cases the Commission has recognized its want of power and has refused to continue an order of exclusion and that the Commission's action in permitting entry under bond represents "an unprecedented reversal of Commission policy" and "is unacceptable." It adds that "[t]he only basis upon which a bond should be issued is *if* there still remained a threat that the imported goods would serve to injure American industry, business and the economy. This court has confidence in its order, as it finds the '871 invalid and totally unenforceable. The ITC did not represent that the decision would be reversed in the Fourth Circuit if appeal is pursued. Therefore no cogent reason was given for the requirement of a bond." Accordingly, the district court, finding its jurisdictional authority in § 1651, 28 U.S.C., ordered the Commission to "withdraw its order requiring bond for entry of goods

alleged to infringe U. S. Patent No. 3,390,-871" and ordered the District Director of Customs, Port of Charleston, South Carolina, "to permit entry of the above mentioned goods, without bond." It is this order which the Commission seeks to vacate or stay.

The motion for a stay or vacation of the district court's order presents, in reality, a question of conflicting jurisdictions. The Commission does not, in this motion, contest the district court's jurisdiction to determine the validity of the patent in issue. What it does, however, contend is that Congress has, with equal clarity, vested in the Commission, an independent agency not a party to the action in the district court, exclusive jurisdiction over all matters relating to the importation of articles of commerce into the United States, and it has established a procedure for appellate review of the actions of the Commission in its sphere of jurisdiction, vesting the appellate jurisdiction in the Court of Customs and Patent Appeals over any actions of the Commission.[6] It argues that the district court, by issuing its mandamus order, has undertaken to assert a supervisory power and appellate jurisdiction over the Commission in derogation of the jurisdiction of the Article III court designated by Congress to exercise that jurisdiction.[7] According to the Commission, if the order of the Commission permitting entry under bond is beyond the power of the Commission, that want of jurisdiction is a matter for determination by the Article III court vested by Congress with the jurisdiction to review actions and determinations of the Commission and not a matter for determination by the district court.[8] And the Commission suggests that Ashlow and Georgetown Steel have recognized this fact for they have filed and have pending before

---

**6.** *See* 17 Wright, Miller, Cooper, *Federal Practice and Procedure*, § 4103 (1978).

**7.** It should be noted that Congress in its grant of jurisdiction to district courts has exempted therefrom "matters within the jurisdiction of the Customs Court." § 1340, 28 U.S.C., and *Consumers Union, Etc. v. Com. for Imp. of Tex. A.*, 561 F.2d 872, 874 (D.C.Cir.1977).

**8.** *See Landis Tool Div., Etc. v. U. S. Intern. Trade Com'n*, 614 F.2d 766, 767 (C.C.P.A.1980).

If it be argued that mandamus was not the proper remedy under the circumstances, *Canadian Tarpoly Co. v. U. S. Intern. Trade Com'n*, 640 F.2d 1322, 1325, n. 2 (C.C.P.A.1981), indicates another remedy available to Ashlow within the jurisdiction of the Court of Customs and Patent Appeals.

the Court of Customs and Patent Appeals a petition for a writ of mandamus requiring the Commission to permit the importation of the articles in question without bond.

The reasoning of the district court, on the other hand, assumes that the jurisdiction of the Commission to exclude an article from importation for patent infringement terminates the instant a district court holds the patent itself invalid and that any further orders by the Commission are without jurisdiction and are, in effect, an improper ignoring of the controlling decision of the district court. The Commission in this case has not, however, disregarded or ignored the decision of the district court; it has stated unequivocally that it will, if that decision is affirmed on appeal, release the apparatus for entry or, if entry has been effected under bond, it will discharge the bond. But it does urge that in a proper case, it has the authority under § 1337(e) only to permit entry under bond pending the disposition on appeal of a district court's opinion on patent validity. This power, it points out, was exercised almost half a century ago in a case often cited and followed without question since. *In re Orion Co.,* 71 F.2d 458, 465 (C.C.P.A.1934).[9] It has followed that procedure in this case.[10] It balanced the respective harm which each party might suffer from staying the exclusion pending disposition of the appeal from the district court's decision and has found that fairness supports the stay. Whether the facts were sufficient to support that finding and whether the Commission has the power to stay the exclusion absent a bond are matters for review and determination exclusively by the Court of Customs and Patent Appeals.[11] The district court has no jurisdiction over the importation of articles in commerce.[12] In short, the Congress has created two separate jurisdictions: One with jurisdiction over "unfair acts" in connection with the importation of articles from abroad (the Commission), and the other with jurisdiction over the validity of domestic patents (the district court). There is no authority under § 1651 for either jurisdiction to review the actions and decisions of the other. That being true, there is no jurisdiction in either to mandamus the other in the exercise of its exclusive jurisdiction. As the court said in *Brittingham v. United States Commissioner of Int. Rev.,* 451 F.2d 315, 317 (5th Cir. 1971):

> "It is settled that this section, known as the All Writs Act, by itself, creates no jurisdiction in the district courts. It empowers them only to issue writs in aid of jurisdiction previously acquired on some other independent ground."

---

**9.** In *Orion* the Commission quoted from its report to the Congress (71 F.2d at 467):

> "The jurisdiction of district courts and the scope of any decree issued by them do not extend to the importation or exclusion of imported merchandise from entry into the United States. Section 316, therefore, as construed by the Tariff Commission on its findings now before the Court of Customs Appeals for review, affords an exclusive remedy."

*See also* H.R.Rep.No.93–571, 93d Cong., 1st Sess. 79 (1973).

Of course, the existence of the power does not mean that it will be exercised in all cases. The power is to be exercised on a case-by-case basis. As the district court suggests, there have been cases where the power has not been exercised by the Commission but, as *Orion* and the cases that have followed it show, there are other cases in which the Commission has, on the basis of the equities, exercised the power.

**10.** The district court in this case appears to recognize, subject to a limitation, such power in an appropriate case, for it declares that "no cogent reason was given for the requirement of a bond" as a basis for entry of the article because the Commission "did not represent that the decision [of the district court] would be reversed in the Fourth Circuit." Thus, the limitation which the district court would place on this power of the Commission is that it (the Commission) must conclude and represent that "the decision of the district court would be reversed." This is a limitation that, so far as we know, no court or administrative agency has ever imposed and we see no reason to assume that the Court of Customs and Patent Appeals would impose any such limitation on the power of the Commission. Of course, if the appeal is frivolous, a stay would not be allowed; but there is no contention in this case that an appeal from the district court's order would be frivolous.

**11.** *See* Note 6 *supra.*

**12.** *See* § 1640, 28 U.S.C.

Since there is no jurisdiction in the district court to review actions of the Commission or to direct the entry of articles into this country from abroad, mandamus under § 1651 by the district court to compel action by the Commission in permitting such entry may not issue. It is accordingly unnecessary to consider any other grounds advanced by the Commission for a stay. The order of the district court is vacated.